UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>PEET'S COFFEE, INC.,<br><br>        Defendant. | Case No. 21-cv-07698-VC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

      The defendant's motion to dismiss is denied. Article III standing exists where a plaintiff alleges a concrete and particularized injury that is actual or imminent and traceable to the defendant's conduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Defendants may raise two kinds of jurisdictional challenges: A facial attack contends that the complaint fails, on its face, to adequately allege jurisdiction, while a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

      To the extent the defendant asserts a facial attack on the complaint, the motion to dismiss is denied. The complaint alleges that Whitaker, a quadriplegic who uses a wheelchair, visited Peet's Coffee and encountered dining areas that were not accessible to him. It also alleges that Whitaker intends to go back to Peet's but is deterred from doing so due to its inaccessible dining areas. Those allegations, construed as true, meet Article III's bar, at least under Ninth Circuit law. *See Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017).

      It remains unclear whether the defendant also brings a factual attack against the

complaint. The defendant's motion primarily contends that the plaintiff's allegations, even taken as true, fail to meet the Article III standing threshold. For the reasons above, that argument fails. And there is inadequate factual development for this Court to adjudicate a factual challenge. Should the defendant wish to bring a factual attack that challenges the truth of Whitaker's assertions—such as his stated intent to return to Peet's in the future—it may do so. If the defendant chooses to bring a factual attack, the Court would be inclined to allow three months of jurisdictional discovery (without requiring participation in the process set forth in General Order No. 56). The defendant would be permitted to file a renewed motion to dismiss for lack of jurisdiction based on evidence adduced during the discovery period.

A case management conference is set for Wednesday, February 9, 2022, at 1:00 p.m., to be conducted via Zoom. A joint case management statement must be filed no later than Friday, February 4. In the statement, the defendant should state whether it wishes to move to the General Order 56 process or proceed with a period of jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: January 31, 2022

VINCE CHHABRIA
United States District Judge