# CENTER FOR DISABILITY ACCESS
A Law Firm

100 Pine St., Ste 1250           Bradley Smith, Esq.
San Francisco, CA 94111          bradleys@potterhandy.com
Phone: (858) 375-7385
Fax: (888) 422-5191

June 3, 2022

Via ECF Electronic Filing

Judge Vince Chhabria
United States District Court Judge

Re:   Brian Whitaker v. Peet's Coffee Inc., Case No. 3:21-cv-07698-VC

Dear Judge Chhabria

I am writing this letter to address the letter sent to the court by Defendant's Counsel, Mr. Burns, on June 1, 2022. For the following reasons, Defendant's ex parte motion to compel discovery should be denied.

First, the ex parte motion to should be denied on substantive grounds. According to the court's minute order dated April 20, 2022, the court issued limiting instructions in regards to discovery that allowed Defendant to conduct "any deposition or discovery needed by defendant for jurisdictional purposes…" (Dkt. No. 33). But on May 31, 2022, Plaintiff filed a Notice of Indication of Mootness in regards to his ADA claim. (Dkt. No. 38). Because Plaintiff's ADA claim was moot, the court's jurisdiction ended. As such, there was no need for Defendant to conduct discovery regarding jurisdiction. And according to Federal Rules of Civil Procedure Rule 26 the scope of discovery is limited to matters that are relevant and proportional to the needs of the case. A quick reading of Defendant's document requests shows they were not directed towards Plaintiff's intent to return to Defendant's business. Rather, they were directed toward Plaintiff's original visit to Defendant's business. In other words, they are not relevant to jurisdiction, and therefore outside the scope of the court's limiting instructions. Further, the document requests are no longer proportional to the needs of the case because the documents requested will not resolve any issues presently before the court. Since Plaintiff's ADA claim is moot, any issues regarding jurisdiction have been resolved. Therefore, only one conclusion can be drawn from Defendant's pursuit of further discovery in this regard: it is meant solely to annoy and harass Plaintiff.

Second, the ex parte motion should be denied on procedural grounds. Mr. Burns begins his letter by citing the court's standing orders in regards to discovery disputes, yet Mr. Burns completely disregarded the court's orders. Plaintiff served his discovery response before 10:00am on June 1, 2022 as directed by the court. Mr. Burns sent an email to me on June 1, 2022 at 5:46pm. In that email, Mr. Burns explained Defendant's position in

regards to Plaintiff's discovery responses. In an attempt to resolve the dispute in good faith as directed by the court's standing order, I emailed Mr. Burns on June 2, 2022 at 5:26am. However, Mr. Burns had already filed his letter on June 1, 2022. In other words, Mr. Burns did not make any effort to resolve this discovery dispute in good faith. In fact, the timing of Mr. Burns' filings and email shows he is conducting this discovery in bad faith. He completely disregarded Federal Rule of Civil Procedure Rule 37, the Northern District's local rules, and the court's standing orders. By granting any portion of Mr. Burns' improper ex parte motion, the court will also be holding that the rules do not apply to him. And certainly, Mr. Burns bad faith conduct should not be rewarded.

Lastly, Mr. Burns' requests for orders to show cause are completely improper. I have represented ADA litigants for nearly 4 years, and I have appeared before federal and state courts countless times to address discovery issues. A vast majority of those appearances were not to address Plaintiff's discovery, but rather Defendant's discovery. And not a single court has issued an order to show cause regarding an attorney's conduct. Rather, the courts simply resolve the discovery issue before it. Mr. Burns' requests for orders to show cause are just further evidence that he is not conducting discovery to resolve issues in this case. Rather, it shows Mr. Burns is conducting discovery in bad faith and to annoy and harass Plaintiff. But if the court is inclined to issue orders to show cause, it should also issue an order to show cause as to why Mr. Burns disregarded Federal Rules of Civil Procedure Rule 37, the Northern District's local rules, and the court's standing orders. And most certainly, a pre-planned vacation is not a good enough reason to circumvent the law.

For the foregoing reasons, Mr. Burns' ex parte motion to compel should be denied. However, in a good faith effort to resolve this discovery dispute, Plaintiff is continuing his search for the documents Defendant requested, and he will supplement his response by Monday, June 6, 2022 if needed.

Sincerely,

Bradley Smith