UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEET'S COFFEE, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-07698-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

　　　　Brian Whitaker sued Peet's Coffee under the Americans with Disabilities Act and California's Unruh Act, alleging that he was denied access to one of the company's shops. Peet's has argued that the case should be dismissed for a variety of reasons. It contends that Whitaker lacks standing to assert his claim for injunctive relief under the ADA because Whitaker's allegation that he had an intent to return to the shop when he filed his complaint was false. Peet's also contends that the ADA claim should be dismissed as moot because the accessibility barrier alleged in the complaint has been removed. Finally, Peet's contends that the Court should decline to exercise supplemental jurisdiction over the Unruh Act claim.

　　　　Because Whitaker agrees that Peet's has remedied the alleged ADA violation, the ADA claim is dismissed as moot. The Unruh Act claim is dismissed because the Court declines to exercise supplemental jurisdiction. *See Whitaker v. Alice & Olivia California Holdings LLC*, 2022 WL 1135088, at *1 (N.D. Cal. Apr. 18, 2022); *see also Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021).

　　　　In a brief titled "Post-Hearing Brief In Further Support Of Its Motion To Dismiss," Peet's seeks leave to file a motion for sanctions based on a variety of alleged misconduct by Whitaker.

Among other things, Peet's complains that: (i) Whitaker falsely alleged that he had an intent to return to the shop when he filed this lawsuit; (ii) Whitaker lied under oath at an evidentiary hearing about this topic; (iii) Whitaker and his lawyers vexatiously prolonged this lawsuit by refusing to acknowledge the obvious—that Peet's had fixed the alleged violation; and (iv) Whitaker and his lawyers committed discovery misconduct.

It's not clear that Peet's needed to seek leave to file a motion for sanctions. But there is little doubt that Whitaker had no intention of returning to the shop when he filed his lawsuit, and there is good reason to think that he lied under oath about this issue (and perhaps others) at the evidentiary hearing. Leave is therefore granted (to the extent leave is necessary) to file a motion for sanctions against both Whitaker and Potter Handy for this conduct. The question whether Whitaker and Potter Handy committed misconduct in failing to respond to discovery requests and failing to acknowledge that the alleged violation had been cured is more murky, but Peet's may include those issues in its motion if it wishes. Any such motion must be filed within 14 days of entry of judgment. *See* Local Rule 7-8(d).

For now, Peet's request to dismiss the case is granted, the discovery dispute is dismissed as moot, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: June 22, 2022

VINCE CHHABRIA
United States District Judge